CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 12 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JOSE D. BONILLA, )
　) Case No. 7:09CV00342
　　Plaintiff, )
　)
v. ) MEMORANDUM OPINION
　)
　)
LARRY HUFFMAN, ET AL., ) By: Hon. Glen E. Conrad
　) United States District Judge
　　Defendants. )

　　Plaintiff Jose D. Bonilla, a Virginia inmate proceeding pro se, brings this action as a civil rights complaint pursuant to 42 U.S.C. § 1983, with jurisdiction vested pursuant to 28 U.S.C. § 1343. In his complaint, Bonilla alleges that the defendant correctional officers at Wallens Ridge State Prison violated his constitutional right to due process related to disciplinary convictions. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## Background

　　Bonilla's submissions provide the following sequence of events and allegations on which he bases his § 1983 claims. Bonilla received a disciplinary charge stating that on March 23, 2008, the reporting officer saw Bonilla flush a weapon down the toilet in his cell. A disciplinary hearing was conducted on March 31, 2008. Bonilla complains that the hearing officer found him guilty of the charged offense, based only on the testimony of the reporting officer, which is insufficient evidence to support such a charge under the Virginia Department of Corrections (VDOC) disciplinary code. Two other officers allegedly testified at the disciplinary hearing that

"Sgt. McQueen has the weapon," which was not produced at the hearing.[1] Bonilla also complains that the hearing officer did not require the reporting officer to answer Bonilla's questionnaire so that the inmate could use the written answers to cross-examine the officer during the hearing.

As a penalty for Bonilla's conviction, the hearing officer sentenced him to segregated confinement. He has been there ever since. He does not like the living conditions in segregation, stating that because of his status, he cannot shower daily, cannot make as many telephone calls, cannot attend or watch televised religious programing, and has lost weight. He complains that because he was in segregation, he could not have contact visits with family members who visited him in May 2008. Bonilla also asserts that his disciplinary conviction should have been overturned on appeal.

Finally, Bonilla alleges that he was first advised at his annual review in July 2009 that he had acquired two disciplinary convictions in 2008 for possession of a weapon. On July 16, 2009, he filed an inmate request form, asking for a copy of his institutional records. He submits a copy of this request form as Exhibit 6, and the response indicates that his records show one offense on February 23, 2008, and another one on March 23, 2008. He argues that because the penalty for a weapons offense is at least six months in segregation, he could not have committed two such offenses in February and March 2008. As relief in this complaint, he seeks monetary damages and injunctive relief to remove the second disciplinary conviction from his record.

---

[1] The appeal response from the regional director indicates that the weapon, a razor blade, was not recovered, but that officers found a razor handle in Bonilla's cell.

## Discussion

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." In reviewing the case for possible summary dismissal under § 1915A(b)(1), the court must accept allegations in the complaint as true and draw all reasonable factual inferences in the plaintiff's favor. See De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). A claim having no arguable basis in fact or law may be dismissed as frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989) (applying previous version of § 1915).

When a defendant is lawfully convicted and confined to jail, he loses a significant interest in his liberty for the period of the sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Inmates' conditions of confinement are necessarily subject to the broad discretion of the officials charged with managing the prison. Gaston, 946 F.2d at 343. Nevertheless, confinement does not strip inmates of all liberty interests, and state prison regulations may create liberty interests. Id. An inmate is not automatically entitled to due process merely because a punitive purpose underlies an action affecting his privileges, however. See Sandin v. Conner, 515 U.S. 472 (1995). In fact, an inmate has no federally protected right to due process even in the context of a disciplinary hearing unless the punishment imposed represents a dramatic departure from the sentence contemplated by the inmate's criminal conviction, will inevitably affect the duration of

his sentence, or will otherwise impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484. The Court in Sandin specifically found that because the disciplinary penalty of segregated confinement imposed in that case did not exceed similar, but totally discretionary confinement in either duration or degree of restriction, this penalty did not implicate any federally protected liberty interest. Id. at 486-87. The Court in Sandin also found that simply having a disciplinary conviction in one's prison file did not implicate due process rights when the conviction's presence in the record did not inevitably affect the duration of one's confinement. Id. at 487.

Bonilla alleges that conditions in segregation are quite different from those he enjoyed in the general population and that he has lost numerous privileges. However, the United States Court of Appeals for the Fourth Circuit has held that confining segregation inmates for more than six months in conditions much worse than those plaintiff alleges was insufficient to trigger any federal due process right to avoid such conditions. Beverati v. Smith, 120 F.3d 500, 504 (4th Cir. 1997). The Beverati segregation inmates complained of no outside recreation, no clean clothes, less food, and cells infested with vermin and smeared with urine and feces. Id. Bonilla merely complains that in segregation, he went without daily showers and telephone privileges, was unable to attend outside religious services or view such services on television,[2] was unable to enjoy contact visits with his family,[3] and lost weight.[4] The court cannot find that the

---

[2] Bonilla makes no claim in this action that his inability to attend or watch televised religious programs violated his First Amendment right to freely exercise his religious beliefs. Moreover, limitation of such privileges clearly furthers legitimate penological interests in security for segregation inmates. See O'Lone v. Estate of Shabazz, 482 U.S. 342 (1987).

[3] To the extent that Bonilla raises a separate claim that denial of contact visitation with his family violated his constitutional rights, that claim fails. Neither prisoners nor would-be visitors have

- 4 -

segregation conditions of which plaintiff complains were a dramatic departure from the expected limitations on liberty from being incarcerated and so finds no substantive due process claim here. Moreover, the court also cannot find that these changes in privileges were atypical enough to impose "a significant hardship in relation to the ordinary incidents of prison life." Id. Thus, the court also finds that his allegations about limited privileges in segregation do not raise any claim under Sandin that he has been deprived of a federally protected liberty interest without due process. Even assuming that officials during the hearing process did not fully comply with due process requirements under VDOC regulations, such violations of state law are insufficient to give rise to any federal due process claim. Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990).

Finally, Bonilla fails to demonstrate that having a second conviction on his record from 2008 will have any inevitable effect on the length of his prison time. Accordingly, even if that conviction record is inaccurate, the inaccuracy does not violate Bonilla's federal due process rights. Sandin, 515 U.S. at 487.

---

any constitutional right to prison visitation. White v. Keller, 438 F. Supp. 110, 115 (D. Md. 1977), aff'd, 588 F.2d 913 (4th Cir. 1978). See also Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (finding no constitutional infringement where prison policies prevented some inmates from visiting with some relatives).

[4] Bonilla does not bring an Eighth Amendment claim of cruel and unusual punishment concerning the limitations on his ability to shower or his ability to maintain a healthy weight. In any event, his allegations fail to give rise to such a claim, as he fails to present facts indicating that he suffered any significant injury from this alleged mistreatment. See Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993) (requiring showing of serious physical injury to state Eighth Amendment claim).

## Conclusion

For the stated reasons, the court finds that plaintiff's complaint has no basis in law or fact and must be dismissed as legally frivolous, pursuant to § 1915A(b)(1). An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and counsel of record for the defendant.

ENTER: This 12th day of August, 2009.

_____
United States District Judge

Case 7:09-cv-00342-GEC-mfu Document 5 Filed 08/12/09 Page 6 of 6 Pageid#: 26